UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY R. PETROZZI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-02027 (UNA) |
| | ) |
| MURIEL BOWSER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Currently before the Court is Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of

charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant Complaint falls squarely within this category.

Plaintiff, who provides only a general delivery address in contravention of D.C. Local Civil Rule 5.1(c)(1), has filed a Complaint that is neither short nor plain, *see* Fed. R. Civ. P. 8(a), and its allegations cannot be described as simple, concise, or direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). It totals 85 pages, including irrelevant exhibits, ECF No. 1-1, that are largely profane, *see* D.C. LCvR 5.1 (e), (g), and the Court thus strikes them, *see* Fed. R. Civ. P. 12(f)(1). Plaintiff then purports to supplement with 40 more pages of exhibits, *see* Notice of Add'l Exhibits, ECF No. 3, and then with yet another 25 pages, *see* Amendment to Complaint, ECF No. 4.

Indeed, the Complaint and its proposed supplements, as presented, are "too unwieldy to proceed." *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024). "Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8." *Id.* (citing *Unfoldment, Inc. v. Dist. of Columbia*, No. 07-cv-1717, 2007 WL 3125236, at *1–2 (D.D.C. Oct. 24, 2007) (dismissing 61-page complaint); *Ciralsky v. CIA*, 355 F.3d 661, 668–671 (D.C. Cir. 2004) (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253–54 (D.D.C. 2011) (dismissing 140-page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (finding that the complaint failed to comply with Rule 8(a) and because it was "outrageously long-winded and

redundant, and hides the substance of its claims within its prolixity. Defendants should not be forced to spend time and energy in attempting to decipher Hamrick's utterly confusing and lengthy pleading.")).

To be clear, it "is not merely the length . . . that warrants dismissal for violating Rule 8; the disorganized and convoluted nature of the allegations counsel that result as well." *Spence*, 2022 WL 3354726, at *12 (citing *Nichols*, 828 F. Supp. 2d at 252) ("[U]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.")) (other citations and internal quotation marks omitted).  Here, Plaintiff, sues a disparate group of Defendants, among whom are the Mayor of D.C., the Federal Bureau of Investigation and its Director, the Department of Justice, the Central Intelligence Agency and one its former Directors, a District Judge, the U.S. Postal Service, a Metro Police Officer, a former U.S. Attorney General, and a grocery store chain.  The allegations are chockablock and largely incomprehensible, derived from purported conspiracies, from 1999 to date, allegedly manifesting in alleged treason, genocide, terrorism, embezzlement, bullying, theft, assault, "honey potting," electronic surveillance and hacking, and more.  He demands equitable relief and "$400 duodecillion" in damages.

As drafted, the Complaint fails to meet the minimal pleading standard set forth in Rule 8(a).  There are far too factual allegations, many of which are fantastical, at best, and no Defendant has fair notice of the claims Plaintiff is attempting to raise, nor does the Court.  Therefore, this matter is dismissed without prejudice.  Plaintiff's request to appoint counsel, ECF No. 4, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:   August 26, 2025                           _____/s/_____
                                                  JIA M. COBB
                                                  United States District Judge